UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24CR465 JMD(SPM) |
| | ) | |
| PARIS MCPETERS | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND
REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant Paris McPeter's Motion to Dismiss the Indictment. ECF No. 36 and including Defendant's supplemental Pro Se Arguments Challenging the Constitutionality of 18 U.S.C. §922(g)(1), which were submitted with leave of Court. ECF No. 49. For the reasons stated below, the Court recommends the motion be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

On September 4, 2024, a grand jury returned an indictment against Defendant, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). Section 922(g)(1) makes it "unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year… to … possess in or affecting commerce, any firearm or ammunition…." All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§636(b). On June 10, 2025, Defendant filed the pending Motion to Dismiss, asserting the prosecution of this offense violates his Second

1

Amendment rights.[1] On August 8 and 22, 2025, the undersigned held a status hearing at Defendant's request. During the hearing, the Court and counsel discussed Defendant's request for leave to present arguments, pro se, without waiving his Sixth Amendment right to counsel. The issues Defendant wished to raise were related to his pretrial Motion to Dismiss the indictment; however, defense counsel was not comfortable including those arguments in his submission to the Court. *See* ECF No. 47 and 48. After conferring with the presiding District Judge, this Court granted defendant leave to supplement the motion to dismiss with his separate pro se arguments challenging the constitutionality of §922(g)(1), while retaining his right to represented by counsel. *See* ECF No. 48. Defendant thereafter submitted his Pro Se Arguments Challenging the Constitutionality of 18 U.S.C. §922(g)(1). ECF Nos. 49 & 72. The parties agreed the motion to dismiss (as supplemented by Defendant's pro se arguments) could be decided based on the parties' written submissions, and the United States was granted leave to file a separate respond to Defendant's pro se arguments.

The United States has responded opposing both the Motion to Dismiss the Indictment and Defendant's supplemental Pro Se Arguments Challenging the Constitutionality of §922(g)(1). ECF Nos. 40 & 67. Defendant's Motion for TRO, ECF No. 79, will be denied because it was filed without leave of court and appears to be beyond the scope of the narrow exception this Court made to allow Defendant, who is represented by counsel, to make supplemental arguments, pro se, in support of the constitutional challenges raised in conjunction with the Motion to Dismiss the Indictment. The undersigned considers the matter to now be fully briefed and ready for a ruling.

---

[1] On June 9, 2025, Defendant also filed a Motion to Suppress Evidence. ECF No. 35. That motion was the subject of an earlier Report and Recommendation issued by the undersigned on January 29, 2026. ECF No. 73.

## DISCUSSION

### I.    MOTION TO DISMISS THE INDICTMENT (ECF NO. 36)

Defendant moves to dismiss the indictment on grounds that 18 U.S.C. §922(g)(1), which he is charged with violating, both facially and, as applied to him, violates the Second Amendment by permanently and categorically disarming him based on his past felony convictions. ECF No. 36, p. 1.

### A.  APPLICABLE LEGAL STANDARD

Motions to dismiss are, generally, governed by Rules 7 and 12 of the Federal Rules of Criminal Procedure. Under Rule 12, "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Eighth Circuit has held that although Rule 12 "contemplates that district courts may sometimes make factual findings when ruling on pretrial motions, ... [c]ourts may not, however, make factual findings when an issue is 'inevitably bound up with evidence about the alleged offense itself.' " *United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016) (quoting *United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998)). The Eighth Circuit has instructed that the district court should defer deciding on a pretrial motion "if disposing of the pretrial motion requires making factual determinations that fall within the province of the ultimate finder of fact." *Id.* "[F]ederal criminal procedure does not allow for pre-trial determination of the sufficiency of the evidence." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (quoting *United States v. Critzer*, 951 F.2d 306, 307–08 (11th Cir. 1992)). As such, the Eighth Circuit has recognized that, in criminal cases, "there is no corollary" to the summary judgment procedures contemplated by the Federal Rules of Civil Procedure. *Ferro,* 252 F.3d at 968. Instead, the "government is entitled

3

to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to [Rule 29]." *Id.*

In this case, Defendant does not challenge the sufficiency of the indictment. Instead, he challenges the constitutionality of the statute under which he is charged. This Court need not defer ruling on Defendant's Motion to Dismiss the Indictment because the arguments raised by defense counsel in Defendant's Motion to Dismiss the Indictment do not require this Court to make factual determinations that fall within the province of the jury.[2]

### B. *JACKSON II* HAS FORECLOSED DEFENDANT'S CONSTITUTIONAL CHALLENGE

Citing the Supreme Court's decisions in *United States v. Rahimi*, 602 U.S. 680 (2024) and *New York State Rifle & Pistol Assoc., Inc. v. Bruen,* 597 U.S. 1 (2022), Defendant argues that, although "the Eighth Circuit has held otherwise," §922(g)(1) is not consistent with "this Nation's historical tradition of firearm regulation." ECF No. 36, at p. 1-2.

In *New York State Rifle & Pistol Association, Inc. v. Bruen*, the Supreme Court held:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

597 U.S. at 24 (internal citation omitted).

After the *Bruen* decision, lower courts differed on how to apply the new framework. In June 2024, the Supreme Court decided *Rahimi*, in which it applied the *Bruen* framework to a

---

[2] The same cannot be said of the pro se challenges filed separately by Defendant. As noted below in Section II, several of the arguments Defendant asserts are not appropriately disposed of prior to trial because they appear to require this Court to make factual determinations that fall within the province of the jury.

federal firearms regulation, 18 U.S.C. § 922(g)(8). 602 U.S. at 681. The Supreme Court ultimately upheld the statute. *Id.* at 700-01.

After *Rahimi*, the Supreme Court vacated and remanded several cases back to the circuit courts for further consideration. One of the cases remanded was *United States v. Jackson*, 69 F.4ᵗʰ 495 (2023), *vacated by United States v. Jacskson,* Case No. 22-2870, 2024 WL 3768055 (8th Cir., Aug. 8, 2025), in which the Eighth Circuit had held that case-by-case litigation of the constitutionality of § 922(g)(1) was not necessary. In *Jackson*, a grand jury charged Edell Jackson with being a felon in possession of a firearm in violation of § 922(g)(1). Jackson moved to dismiss the indictment based on *Bruen*. The district court denied the motion, and the Eighth Circuit affirmed that denial.

On August 8, 2024, the Eighth Circuit issued a new opinion in *Jackson* pursuant to the Supreme Court's order of remand. *See United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024) ("*Jackson II*"). In *Jackson II*, the Eighth Circuit again affirmed the district court's denial of Jackson's motion to dismiss. *Id.* at 1125. Jackson argued that his prior drug offenses were non-violent and thus did not show that he was more dangerous than the typical law-abiding citizen. *Id.* The Eighth Circuit rejected this argument, finding that nothing in either *Bruen* or *Rahimi* casts doubt on "longstanding prohibitions on the possession of firearms by felons." *Id.* (internal quotation marks and citations omitted). The Eighth Circuit concluded that the Supreme Court's assurances on this issue obviate any need for "felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id.*

In challenging the constitutionality of §922(g)(1) in this case, Defendant makes both facial and as-applied arguments that, in the end, he acknowledges have been foreclosed by the Eighth Circuit's decision in *Jackson II*:

5

Even if this statute does not fail as to everyone, it fails as to Mr. McPeters. The overwhelming majority of his prior felony convictions arose from actions occurring about 20 years ago or more, when Mr. McPeters was a teenager and in his early 20s and his two most recent convictions were solely for simple possession of controlled substances occurring in 2008 and 2017. These convictions do not mark him as someone who "present[s] a credible threat to the physical safety of others." *Rahimi*, 144 S. Ct. at 1902. There is no historical precedent for rooting a lifelong ban on protected conduct in a record like Mr. McPeters.

Nevertheless, we recognize that *Jackson [II]* has assessed § 922(g)(1)'s position within our historical tradition and decided that it passes muster as to Mr. McPeters and everyone else with a record. See Jackson, 110 F.4th at 1125-29. So long as *Jackson [II]* lives, it binds the Court. Mr. McPeters therefore respectfully preserves this issue for another day.

ECF No. 36, at p. 6.

The undersigned agrees that *Jackson II* binds this Court "so long as it lives." *Jackson II* still lives. As such, Defendant's Motion to Dismiss the Indictment based on the facial and as-applied challenges asserted in the motion should be denied. *See United States v. Williams*, 131 F.4th 652, 655 (8th Cir. 2025) (pretrial motion to dismiss based on argument that § 922(g)(1) violates Second Amendment right to keep and bear arms is barred by controlling Eighth Circuit precedent); *United States v. Peck*, 131 F.4th 629, 632 (8th Cir. 2025) (as-applied challenge to §922(g)(1) based on a non-violent marijuana possession conviction summarily foreclosed by precedent in *Jackson II*); *United States v. Sharkey*, 131 F.4th 621, 622 (8th Cir. 2025) (*Jackson II* forecloses argument that § 922(g)(1) is unconstitutional as-applied based on prior felony being non-violent).

## II.    DEFENDANT'S PRO SE ARGUMENTS CHALLENGING THE CONSTITUTIONALITY OF 18 U.S.C. §922(G)(1) (ECF NO. 49 & 72)

In his pro se filing, Defendant asserts twenty separate arguments challenging the constitutionality of §922(g)(1) both facially and as applied to him.

6

### A. COMMERCE CLAUSE VIOLATION

Defendant's pro se arguments in paragraphs 1-4 and 6-8 appear to contain facial and as-applied challenges on grounds that §922(g)(1) violates the Commerce Clause because it allows Congress to regulate the possession of firearms and ammunition that do not affect interstate commerce or because it allows Congress to regulate the possession of firearms and ammunition at a point in time that is too far removed from their transfer into state lines to meaningfully constitute economic activity with substantial effect on interstate commerce. *See* ECF No. 49, ¶¶1-4, 6-8.

As the United States pointed out in its response, § 922(g)(1) contains an explicit jurisdictional statement: "It shall be unlawful for any person […] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." ECF No. 67, p. 3. Considering this explicit jurisdictional statement, Defendant's facial challenge on Commerce Clause grounds appears to have been foreclosed by the Eighth Circuit's decision in *United States v. Shelton*, 66 F.3d 991 (8th Cir. 1995).

In *Shelton*, the Eighth Circuit held:

We have recently held and find it appropriate to reiterate that "[s]ection 922(g) ... clearly is tied to interstate commerce." . . .Congress, in enacting the predecessor to section 922(g), intended to assert its full Commerce Clause power. As the Supreme Court has observed: "Congress is aware of the distinction between legislation limited to activities 'in commerce' and an assertion of its full Commerce Clause power so as to cover all activity substantially affecting interstate commerce." Through section 922(g), Congress sought to prohibit "both possessions in commerce and those affecting commerce."

To satisfy the interstate commerce element of section 922(g), it is sufficient that there exists "the minimal nexus that the firearm[s] have been, at some time, in interstate commerce." The indictment to which Shelton pleaded guilty charged that he was a convicted felon and that he "did knowingly possess" four firearms, "all having been previously transported in interstate commerce."

*Shelton,* 66 F.3d at 992 (internal citations omitted) (*quoting Scarborough v. United States,* 431 U.S. 563, 571, (1977), which construes 18 U.S.C. § 1202(a), the predecessor to § 922(g), and rejects the argument that defendant's possession of firearms did not affect interstate commerce because he did not personally transport them across state lines).

Since *Shelton*, the Eighth Circuit has held "[b]ecause § 922(g)(1) contains an express jurisdictional element that satisfies the Commerce Clause, a long line of Eighth Circuit decisions have rejected claims that the statute is unconstitutional." *United States v. Stuckey,* 255 F.3d 528, 529-30 (8th Cir. 2001) (citing *United States v. Holman*, 197 F.3d 920, 921 (8th Cir.1999); *United States v. Crawford*, 130 F.3d 1321, 1322 n. 1 (8th Cir.1997); *United States v. Barry*, 98 F.3d 373, 378 (8th Cir.1996); *United States v. Bates*, 77 F.3d 1101, 1104 (8th Cir.1996); *United States v. Shelton*, 66 F.3d 991, 992 (8th Cir.1995); *United States v. Rankin*, 64 F.3d 338, 339 (8th Cir.1995); *United States v. Mosby*, 60 F.3d 454, 456–57 (8th Cir.1995)).

Some of Defendant's arguments also appear to pertain to the specific "firearms and ammunition in question," *see* ECF No. 49, ¶¶1 & 8, and refer to "evidence" the Government will need to prove to meet its burden that the firearms in question traveled through interstate or foreign commerce. *Id.* at ¶7.  These arguments are more appropriately characterized as challenges to the sufficiency of the United States's evidence. As noted previously in this Memorandum, the Eighth Circuit has held that "federal criminal procedure does not allow for pre-trial determination of the sufficiency of the evidence" and in criminal cases "there is no corollary" to the summary judgment procedures contemplated by the Federal Rules of Civil Procedure. *Ferro,* 252 F.3d at 968. Instead, the "government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to [Rule 29]." *Id.* The Eighth Circuit has disapproved "dismissal of an indictment on the basis of predictions as

8

to what the trial evidence will be." *Id.* As such, to the extent Defendant's arguments attack the sufficiency of the government's evidence regarding the nexus between the firearms and ammunition at issue and interstate or foreign commerce, those arguments are not a basis for dismissal of the indictment.

### B. EQUAL PROTECTION VIOLATIONS

Defendant's pro se arguments in paragraph 5 appears to assert that §922(g)(1) was passed to discriminate against Black Americans because it was passed as part of the Omnibus Crime Control and Safe Streets Act of 1968 ("OCCSSA") in the wake of the assassination of Dr. Martin Luther King, Jr. Defendant argues that "by function [§922(g)(1)] disproportionately adversely affects racial minorities—Blacks." ECF No. 49, ¶5. Even assuming Defendant's assertion is true, the Supreme Court has long held that "[d]isproportionate impact is not irrelevant, but it is not the sole touchstone of an invidious racial discrimination forbidden by the Constitution." *Washington v. Davis,* 462 U.S. 229, 242 (1976). A law "neutral on its face and serving ends otherwise within the power of government to pursue is [not] invalid under the Equal Protection Clause simply because it may affect a greater proportion of one race than another." *Id.*

A cursory reading of §922(g)(1) reveals it is neutral on its face and, for reasons discussed earlier in this Memorandum Opinion, courts including the Supreme Court and the Eighth Circuit have found that it serves ends within the power of government to pursue. *See United States Heller,* 554 U.S. 570, 626-27 (2008) (holding "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"); *Rahimi,* 602 U.S. at 700 ("Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others."); *Jackson,* 110 F.4th at 1129 ("we conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. . . Congress acted within the historical tradition when it

9

enacted §922(g)(1) and the prohibition on possession of firearms by felons."). Without more, Defendant's assertion that §922(g)(1) has a disproportionately adverse impact on Blacks fails to raise a viable equal protection challenge based on race.

In paragraph 10 Defendant argues §922(g)(1) fails "the rational basis test of equal protection of the Due Process Clause of the Fifth Amendment" because it fails to disarm dangerous law enforcement officers who are often able to avoid prosecution and, thereby, avoid becoming felons prohibited from possessing a firearm. ECF No. 49, ¶10. This equal protection challenge is difficult to understand but appears to be like an argument unsuccessfully asserted by the defendant in *United States v. Sitladeen,* 64 F.4th 978 (8th Cir. 2023).

The defendant in *Sitladeen* was a Canadian citizen who conditionally pleaded guilty to violating 18 U.S.C. §922(g)(5)(A), which prohibits an alien who is unlawfully present in the United States from possessing a firearm. Defendant challenged his conviction on appeal arguing, among other things, that §922(g)(5)(A) is unconstitutional under the Fifth Amendment's equal protection clause. The Fifth Amendment "contains within it the prohibition against denying to any person the equal protection of the laws." *Sitladeen,* 64 F.4th at 987 (quoting *United States v. Windsor,* 570 U.S. 744, 774 (2013)). The court began by, first, determining whether "the challenger has demonstrated that he was treated differently than others who were similarly situated to him." *Id.* The court concluded the defendant in *Sitladeen* satisfied this first step because "[§]922(g)(5)(A) deprives individuals of the right to possess a firearm on the basis of their unlawful presence in the United States." *Id.*

In the second part of its analysis the court in *Sitladeen* held "ordinarily, we apply rational basis scrutiny in an equal protection challenge, rejecting the challenge so long as the legislative classification bears a rational relation to some legitimate end." *Sitladeen,* 64 F.4th at 988.

Rejecting the defendant's argument that heightened scrutiny applied, the court held heightened scrutiny applies only where "the challenged law burdens a fundamental right, targets a suspect class, or has a disparate impact on a protected class and was motivated by discriminatory intent." *Id.* The court proceeded to apply rational basis scrutiny because, as an alien unlawfully in the United States, Sitladeen was not a member of a "suspect class" or otherwise entitled to heightened scrutiny. *Id.*

In this case, it is questionable that Defendant has satisfied or can satisfy the first step of the equal protection analysis outlined in *Sitladeen,* which requires the challenger to demonstrate "that he was treated differently than others who were similarly situated to him." *See id.* at 987. Defendant's assertion here appears to be that dangerous law enforcement officers never come into the purview of §922(g)(1) not because of the way in which §922(g)(1) is applied but because, for other unspecified reasons, law enforcement officers are not typically prosecuted and, therefore, not subject to §922(g)(1)'s prohibition designed to disarm felons.

Even if Defendant has somehow satisfied the first step of the equal protection analysis, he is unlikely to succeed with his argument that §922(g)(1) fails a rational basis review. Defendant offers nothing to suggest Congress acted along "suspect lines" in classifying felons as persons to be prohibited from possessing firearms when §922(g)(1) was enacted. For reasons already discussed in this Memorandum Opinion, the Supreme Court and Eighth Circuit have repeatedly held that because there are (and historically there have been) legitimate reasons for prohibiting felons from possessing firearms, such a prohibition does not infringe on the constitutional right to bear arms. In sum, because there are plausible reasons for Congress' action when passing §922(g)(1), based on the record before this Court, Defendant's equal protection challenge based on rational basis review fails.

11

### C. CHALLENGES TO *BRUEN* AND *JACKSON II*

In paragraph 9, Defendant asserts his Second Amendment right to bear arms remains intact despite his felony conviction because, under *Bruen*, this right cannot be conditioned on a showing of special need. ECF No. 49, ¶9. Defendant similarly challenges the holding of *Jackson* in paragraph 17, arguing "special justification exists to overrule the 8th Circuit's binding precedent in *Jackson*." *Id.* at ¶17. These arguments lack merit.

In *Bruen,* the Supreme Court specified that its holding prohibiting New York from requiring citizens to demonstrate a "special need" before exercising his or her second amendment right to bear arms in public pertained to "law abiding citizens with ordinary self-defense needs." *Bruen*, 597 U.S. at 70. After *Bruen,* both the Supreme Court and the Eighth Circuit have recognized that, consistent with *Heller,* the Government may, without violating the Second Amendment, prohibit felons from possessing firearms. *See United States Heller,* 554 U.S. 570, 626-27 (2008) (holding "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"); *Rahimi,* 602 U.S. at 700 ("Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others."); *Jackson,* 110 F.4th at 1129 ("we conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. . . Congress acted within the historical tradition when it enacted §922(g)(1) and the prohibition on possession of firearms by felons."). Notwithstanding Defendant's unsupported suggestions to the contrary, this Court is aware of no authority or other "special justification" that would permit this Court to decline to follow binding precedent from the Supreme Court and Eighth Circuit.

**D.  DEFENDANT IS NOT A CONVICTED FELON UNDER §921(A)(20(B)**

In paragraph 11, Defendant asserts that §922(g)(1) does not apply to felons "lawfully discharged from a sentence of imprisonment according to §921(a)(20(B)." ECF No. 49, ¶11. Defendant then suggests that, by definition, he is not a felon because, as of August 27, 2023, his rights were "restored to that which he occupied prior to arrest for the charge now expunged." *Id.*

Under § 921(a)(20(B), "[w]hat constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." To the extent Defendant is asserting there is evidence that will establish his prior felony convictions were expunged before the alleged conduct in this case, that argument is more of an attack on the sufficiency of evidence required for the Government to make its case than it is an attack on the constitutionality of §922(g)(1).

As noted previously in this Memorandum Opinion, so long as the indictment is otherwise sufficient, "federal criminal procedure does not allow for pre-trial determination of the sufficiency of the evidence." *Ferro*, 252 F.3d at 968. The government is entitled to have the sufficiency of its evidence tested by a motion for acquittal pursuant to [Rule 29]," and this Court may not dismiss the indictment "on the basis of predictions as to what the trial evidence will be." *Id.* In sum, because Defendant's arguments appear to attack the sufficiency of the government's evidence regarding the requirement that the government must prove Defendant was previously

13

convicted of a felony, as defined by the statute, Defendant's arguments are not a basis for dismissal of the indictment.

**E. § 922(G)(1) VIOLATES DEFENDANT'S RIGHTS UNDER THE MISSOURI CONSTITUTION**

In paragraph 12, Defendant asserts that the guns and ammunition in question were part of his estate, by intestate succession, from his father who passed away on March 4, 2024. ECF No. 49, ¶12. He argues that by prohibiting him from possessing the firearms and ammunition in question, §922(g)(1) violates his rights under Mo. Const. Art. 1. Sec. 30, which states ". . . no conviction shall work corruption of blood or forfeiture of estate." *Id.* Assuming, without deciding, this assertion is true, and Defendant's interpretation of the Missouri Constitution is accurate, the state law must yield to the federal law if it clearly conflicts with federal law.

The Supremacy Clause of the U.S. Constitution prevents the State of Missouri from nullifying federal criminal laws. See U.S. Const. art. VI. cl. 2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."). Indeed, the Supreme Court has held, "in those areas where the Constitution grants the Federal Government the power to act, the Supremacy Clause dictates that federal enactments will prevail over competing state exercises of power." *United States v. Gillock*, 445 U.S. 360, 370 (1980). "Even where Congress has not completely displaced state regulation in a specific area, state law is nullified to the extent that it actually conflicts with federal law." *Hillsborough Cnty. Fla. v. Automated Med. Labys. Inc.*, 471 U.S. 707, 713 (1985).

Here, the federal statute underlying the charge that Defendant challenges falls squarely within Congress's "power to act." *Gillock*, 445 U.S. at 370. As previously discussed in this

Memorandum Opinion, the Supreme Court has upheld §922(g)(1) as a valid exercise of Congress's Commerce Clause power and has made clear that the Second Amendment does not protect a "right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 554 U.S. at 626. The Court has also held that its decisions should not be read to "cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill" and other "presumptively lawful" limitations. *Id.* at 626 & n.26. Because the federal offense that Defendant challenges is within Congress's power to legislate and, based on current binding precedent, is consistent with the Second Amendment, the Missouri law Defendant relies on is invalid to the extent it purports to invalidate the federal statute at issue in this case.

In sum, "[t]he government of the United States . . . , though limited in its powers, is supreme; and its laws, when made in pursuance of the constitution, form the supreme law of the land, 'anything in the constitution or laws of any state to the contrary notwithstanding.'" *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 406 (1819).

### F.  MILITIA AND SELF-DEFENSE EXCEPTIONS TO §922(G)(1)

In paragraphs 13-16 and 18-20, Defendant raises several arguments suggesting there is a militia or self-defense exception to §922(g)(1)'s prohibition against felons possessing firearms. *See* ECF No. 49, ¶¶ 13-16 and 18-20. Specifically, Defendant argues his status as a member of the armed forces or militia and his status a persecuted minority—a Black Jew—exempts him from the classification of felons prohibited from possessing a firearm under §922(g)(1). Defendant cites no legal authority that supports these assertions, and this Court is unaware of any such authority. In addition, this argument, like some of Defendant's other pro se arguments, appears to rest on evidence that may or may not be presented or admitted at trial. For reasons

15

previously discussed a pretrial motion to dismiss an indictment is not the appropriate forum in which to evaluate such evidence.

### CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss the Indictment, supplemented by Defendant's Pro Se Arguments Challenging the Constitutionality of §922(g)(1), be denied.

In accordance with the Memorandum Opinion above,

**IT IS HEREBY RECOMMENDED** that Defendant Paris McPeters's Motion to Dismiss the Indictment (ECF No. 36) and supplemental Pro Se Arguments Challenging the Constitutionality of §922(g)(1) (ECF No. 49) be **DENIED.**

The parties are advised that they have fourteen (14) days in which to file written objections to this recommendation and determination.  Failure to file objections timely may result in waiver of the right to appeal questions of fact.  *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

Trial in this case will be conducted before the **Honorable Joshua M. Divine**.  Judge Divine will enter a separate order setting the trial date.

Dated: March 18, 2026.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

16